(Name) KEVIN BURTON

(Address) 1173 FRONT ST    Jail I.D. # 7714278
San Diego Central Jail

(City, State, Zip)
SAN DIEGO, CA 92101

(CDC Inmate No.)
C·38062

FILED
SEP 24 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| 2254 | 1983 ✓ |
| FILING FEE PAID | |
| Yes | No |
| IFP MOTION FILED | |
| Yes ✓ | No |
| COPIES SENT TO | |
| Court ✓ | ProSe |

# United States District Court
## Southern District of California

CV 07    5618 (PR)
'07CV 1870 W    RBB

(Enter full name of plaintiff in this action.)

Kevin Burton

                        Plaintiff,

    v.

California department of Corrections and rehabilitation (CDCR);
Director CDCR; Mike Evans, Warden, Salinas Valley State Prison;
Lieutenant Krenke; sergeant Ramirez ; sergeant Bruncato;
sergeant Okeeno; correctional officer (C/o) Carrasco; C/o Silva,
C/o Contreras; C/o Philmon; C/o Wilson; C/o Horrence; C/o Perez;
C/o Garcia; C/o Granvuazo; C/o Goodhume; Medical Technical Assistant
(MTA) Cruntray; MTA Garcia; MTA Ziegler; MTA Moss; Does 1-50,

(Enter full name of each defendant in this action.)

                        Defendant(s).

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, KEVIN BURTON
(print Plaintiff's name)

    Kevin Burton , who presently resides at San Diego central Jail 1173 front st San Diego, CA 92101
    (mailing address or place of confinement)

    Constitutional & statutory rights, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at All times relevant herein
At Salinas Valley State Prison, As an Inmate of the California
Department of Corrections & Rehabilitation.    on (dates) Jan 11, 2005 to, Jan 18, 2005 and
Salinas, moterey County, California.
(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

② Defendant California Department of Corrections ¬ Rehabilitation (CDCR)   resides in   Salinas, Monterey County, CA.
     (name)                                                                    (County of residence)
and is employed as a Is, and at all time pertinent herein was,   This defendant is sued in
The Administrative agency responsible for the care and custody of state prisoners
     (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.)  Explain how this defendant was acting
     Defendant:
under color of law: California Department of Corrections ¬ Rehabilitation (COCR)

Is, And at all times pertinent herein was, the Administrative agency responsible
for the care and custody of state prisoners.

③ Defendant Director (CDCR)   resides in   Sacremento, CA
     (name)                                                  (County of residence)
and is employed as a Director of (CDCR)               . This defendant is sued in
     (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.)  Explain how this defendant was acting

under color of law: Defendant: Director CDCR, Is, and at all times pertinent herein
was employed as director of CDCR, and was responsible for the care ¬treatment
of state prisoners, Including plaintiff, as well as the training and supervision
of correctional employees of CDCR.

④ Defendant Mike Evans   resides in   Salinas, Montery County, CA.
     (name)                                       (County of residence)
and is employed as a Warden of Salinas Valley State Prison(SVSP) This defendant is sued in
     (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.)  Explain how this defendant was acting

under color of law: Defendant Mike Evans, Is, and at all times pertinent herein was,
employed as Warden of Salinas Valley State prison(svsp) and was responsible
for the care and treatment of state prisoners, Including plaintiff, as well as overall
management of SVSP and training and supervision of correctional employees at SVSP.

⑤ Defendant Lt. Krenke   resides in   Salinas, Montery County, CA.
     (name)                                    (County of residence)
and is employed as a Correctional Lieutenant               . This defendant is sued in
     (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.)  Explain how this defendant was acting

under color of law: Defendant Lt. Krenke, Is, and at all times pertinent herein

Was, an employee of the CDCR, and was responsible for the care

and treatment of state prisoners, Including plaintiff. Krenke

Served as Lieutenant In ad-seg during plaintiff's confinement

therein

⑥

1   Defendant, sergeant RAMIREZ                    resides In: Salinas, monterey
2                 name                             county, CA
                                                   (County of residence)

3   and Is empolyed by  CDCR. Correctional Sergent
4   (defendants position (title)                   THis defendant Is sued in

5   his (her) ☒ Individual ☒ official capacity

6                                                  Explain how this defendant
    was acting under color of law: Defendant sgt. RAMIREZ is, and at all times
7   pertinent herein was, an employee of the COCR and was responsible for the care & treatment
    of state prisoners. including plaintiff. RAMIREZ served as a sergent In Ad-seg during plantiff's
8  ⑦ Defendant, sergent BRUNCATO  confinement therein.
9                 name

10  and Is empolyed by , COCR Correctional Sergent   resides In  Salinas, monterey
                                                                county, CA
11                                                  (County of residence)
    (his) her ☒ Individual ☒ Official capacity.
12                                                 THis defendant is sued in
    was acting under color of  law: Defendant: sergent  Explain how this defendant
13  times pertinent herein was, an employee of the COCR, Is and at all
14  and treatment of state prisoners, Including plaintiff. BRUNCATO, served as a sergeant In Ad-seg during
    Plaintiff confinement therein.

15 ⑧ Defendant Sgt O'Keeno,
16                 name                             resides In county, Salinas, monterey
                                                                ca
17  and Is empolyed by . COCR Correctional sergent  (County of residence)
18  (his) her ☒ Individual ☒ official capacity.     THis defendant Is sued In

19                                                  Explain how this defendant
    was acting under color of  law. Defendant sergeant O'Keeno, Is, and at all
20  times pertinent herein was, an employee of The COCR, and was responsible for the care and
21  treatment of state prisoners, Including plantiff. O'Keeno, served as a segeant In Ad-seg
    during plantiff's confinement herein.

22 ⑨ Defendant Correctional officer C/o CARRASCO,
23                 name                             resides In Salinas, Monterey
                                                                county, ca
24  and Is empolyed by .  CDCR . . . . .           (county of residence)
25  his (her) ☒ Individual ☒ Official capacity      THis defendant Is sued In

26                                                  Explain how this defendant
    was acting under color of Law: Defendant Correctional officer C/OCARRASCO,
27  Is, and at all times pertinent herein was, an employee of COCR and was
28  responsible for the care and treatment of state prisoners, Including plaintiff.
    CARRASCO served as an officer In ad-seg during plaintiff confinement.

2A

1  ⑩ Defendant C/O SILVA,
        name                                        resides In: Salinas, monterey
                                                              county, CA
2  and Is empolyed as a CorrectionalL Officer C/O        (County of residence)
3          (defendant's position/title)                  THis defendant Is sued In
4  (his)/her ☒ Individual ☒ official capacity            Explain how this defendant
5  Was acting under Color of Law: C/O SILVA, Is, and at all times pertinent
6  herein WAS, an employee of COCR and WAS responsible for the Care treatment
7  of State prisoners, Including plaintiff. SILVA served as an officer In ad-seg
   during plaintiff's Confinement therein.

8  ⑪ Defendant C/O Contreras,
        name                                        resides In: SALINAS, monterey
                                                              county, CA.
9                                                        (County of residence)
10 and Is empolyed as a Correctional Officer C/O. THis defendant Is sued In
11 (his)her ☒ Individual ☒ official capacity            Explain how this defendant
12 Was acting under color of Law: C/O CONTRERAS, Is, and at all times pertinent
13 herein WAS an employee of the COCR and WAS responsible for the care treatment of
   State prisoners, Including plaintiff. Contreras served as an officer In ad-seg
14 during plaintiff's Confinement therein.

15 ⑫ Defendant C/O PHILMON,
        name                                        resides In: SALINAS, monterey
                                                              county, CA
16                                                      (County of residence)
17 and Is empolyed as a Correctional officer C/O.      THis defendant Is sued In
18 (his)/her ☒ Individual ☒ official capacity.          Explain how this defendant
19 Was acting under Color of Law: C/O PHILMON, Is, and at all times pertinent herein
20 WAS, an employee of COCR and WAS responsible for the care and treatment of State
   prisoners, Including plaintiff. PHILMON served as an officer In ad-seg during plaintiff's
21 Confinement therein.

22 ⑬ Defendant C/O Wilson,
        name                                        resides In: SALINAS, monterey
                                                              county, CA
23                                                      (County of residence)
24 and Is empolyed as a Correctional officer C/O       THis defendant Is sued In
25 (his)/her ☒ Individual ☒ official capacity          Explain how this defendant
26 Was acting under Color of Law: C/O WILSON, Is, and at all times pertinent
27 herein WAS, an employee of the COCR and WAS responsible for the care and
28 treatment of State prisoners, Including plaintiff. Wilson Served as an
   Officer In Ad-seg during plaintiff's Confinement therein.

⑭ Defendant C/O Horrence
        name                                    resides In Salinas, Monterey County, CA
and Is employed as a Correctional Officer C/O    (County of residence)
                    defendant's position/title       This defendant is sued In
☐ his/her ☒ Individual ☒ official capacity.   Explain how this defendant was acting
under color of Law: C/O Horrence, Is, and at all times pertinent herein was,
an employee of the CDCR and was responsible for the care and treatment of
State prisoners, Including plaintiff. Horrence served as an officer In ad-seg
during plaintiff's confinement therein

⑮ Defendant C/O PeReZ,
        name                                    resides In Salinas, Monterey County, CA
and Is employed as a Correctional Officer C/O    (County of residence)
                                                This defendant Is sued In
☐ his/her ☒ Individual ☒ Official capacity.   Explain how this defendant was acting
under color of Law: C/O PeReZ, Is, and at all times pertinent herein was,
an employee of the CDCR and was responsible for the Care and treatment
of State prisoners, Including plaintiff. Perez served as an officer In ad-seg
during plaintiff Confinement therein.

⑯ Defendant C/O GarciA
        name                                    resides In Salinas, Monterey County, CA
and Is employed as a Correctional Officer C/O    (County of residence)
                                                This defendant Is sued In
☐ his/her ☒ Individual ☒ official capacity.     Explain how this defendant
was acting under color of Law: C/O GarciA, Is, and at all times pertinet herein
was, an employee of the CDCR and was responsible for the care and treatment
of State prisoners, Including plaintiff. Garcia served as an officer In ad-se
during plaintiff's confinement therein

⑰ Defendant C/O GRAYWALD,
        name                                    resides In Salinas Monterey County, CA
and Is employed as a Correctional officer C/O    (County of residence)
                                                This defendant Is sued In
☐ his/her ☒ Individual ☒ official capacity.     Explain how this defendant
was acting under color of Law: C/O GraywALD, Is, and at all times
Pertinent herein was, an employee of the CDCR and was responsible
for the care and treatment of State prisoners, Including plaintiff.
GraywALD served as an officer In ad-seg during plaintiff's confinement
therein

⑱
Defendant C/O Goodhume,
         name

resides In Salinas, Monterey
(County of residence)

and Is employed as a Correctional Officer C/O
                    (defendant's position/title)

This defendant Is sued In

his/her ☒ Individual ☒ official capacity.

Explain how this defendant

Was acting Under Color of Law: C/O Goodhume, Is, and at all times pertinent herein was, an employee of the COCR and was responsible for the care and treatment of state prisoners, Including plaintiff. Goodhume, served as an officer In ad-seg during plaintiff's Confinement therein.

⑲
Defendant Medical Technical Assistant (MTA) CAUNTAY
         name ——————————

resides In Salinas, Monterey
(County of residence)

and Is employed as a (MTA) . . . . . . . . . . . . . .
         Medical Technical Assistant

This defendant Is sued In

his/her ☒ Individual ☒ official capacity.

Explain how this defendant

Was acting Under Color of Law: (MTA) CAUNTAY, Is, and at all times Pertinent herein was, an employee of the COCR and was responsible for the care and treatment of state prisoners, Including plaintiff CAUNTAY served as an MTA In ad-seg during plaintiffs Confinement therein.

⑳
Defendant MTA GarciA,
         name

resides In Salinas, Monterey
(County of residence)

and Is employed as a MTA . . .

This defendant Is sued In

his/her ☒ Individual ☒ official capacity.

Explain how this defendant

Was acting Under Color of Law: MTA Garcia, Is, and at all times Pertinent herein was, an employee of the COCR and was responsible for the Care and treatment of state prisoners, Including plaintiff, Garcia served as MTA In ad-seg during plaintiff's Confinement therein.

㉑
Defendant MTA Ziegler,
         name

resides In Salinas, Monterey
(County of residence)

and Is employed as a MTA Ziegler,

This defendant Is sued In

his/her ☒ Individual ☒ official capacity.

Explain how this defendant

Was acting Under Color of Law: MTA Ziegler, Is, and at all times Pertinent herein was, an employee of the COCR and was responsible for the Care and treatment of state prisoners, Including plaintiff, Ziegler served as an MTA In Ad-seg during plaintiff's Confinement therein

2D

22) Defendant __MTA MOSS__,
Name

resides In SALINAS, Monterey County, CA
(County of residence)

and Is Empolyed as a __MTA__,
(defendants position/title)

THIS defendants Is sued In

his (her) ☒ Individual ☒ Official capacity

Explain how this defender

was acting under color of Law; MTA MOSS, Is, and at all times pertinent
herein was an employee of the CDCR and was responsible for the care and
treatment of State prisoners, Including plaintiff, moss served as an MTA In ad se
during plaintiff's confinement therein.

23) Defendant __Does 1-50__,
Name

resides In SALINAS, monterey County, CA
(County of residence)

and Is Empolyed as __Individuals....__

THIS defendants is sued In

his (her) ☒ Individual ☒ Official capacity.

Explain how this defendant

was acting under color of Law; Does 1-50 are Individuals who
were at all times relevant herein empoloyess or CDCR with a duty to care
for State prisoners, Including plaintiff.

24) Plaintiff Is Ignorant of the true names and capacities of defendants
sued herein as Does 1-50 Inclusive, and therefore sues these defendants
by their fictitious nams. Plaintiff will amend this compliant to allege their
true names and capacitiec when Information Is ascertained. Plaintiff Is
Informed and believes and thereon alleges that each fictitiously named defendant
Is Intentionally or negligently reponsible In some manner for the occurrences
herein alleged, and plaintiff's Injuries as alleged herein were proximately caused
by those defendants Intentional or negligent misconduct. Each reference in this complaint
to "defendant", "defendants", or a specifically named defendant refers also to all defendants
sued under fictitious names.

25) Plaintiff Is Informed and believes and thereon alleges that at all times herein
mentioned that each of the defendants, Including all defendants sued under fictitious
names, were the agents and employees of each of the remaining defendants, and In
doing the things herein alleged, were acting within the course and scope of this agency
and employment.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: FIRST Cause of Action. Infliction of cruel or unusual Punishment. Conditions of confinement. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

(AS To All Defendants)

26) Plaintiff Incorporates by reference the allegations contained In Paragraphs 1 through 25 of this complaint as If fully set forth herein.

27) In acting as alleged In this complaint, defendants, and each of them subjected plaintiff to unnecessary and wanton infliction of physical Injury, Pain and emotional distress.

28) In acting as alleged In this complaint, defendants, and each of them, violated Plaintiff's right to be free of cruel an unusual punishment, guaranteed by U.S. Constitution.

29) As a direct and proximate result of defendants, and each of them, actions as alleged in this complaint, plaintiff has suffered Injury, pain, and emotional distress.

30) In acting as alleged in this complaint, defendants, and each of them, acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's rights.

31) In acting as alleged In this complaint, defendants, and each of them, acted In with a willful and conscious disregard of the rights and safety of plaintiff, so as to constitute malice or oppression, entitling plaintiff to an award of exemplary damages In an amount appropriate to punish and to set example of defendants.

C. Causes of Action

## Second Cause of Action

The following civil right has been violated:
Infliction of cruel or unusual punishment (Denial of medical CARE)

### (As to all defendants)

32. Plaintiff Incorporates by reference the allegations contained in paragraphs 1 through 31 of this complaint as if fully set forth herein.

33. In acting as alleged in this complaint, defendants, and each of them, acted with a deliberate indifference to plaintiff's serious medical needs as well as ignored the unsanitary, unhealthy and unsafe conditions plaintiff was being housed in during his cage confinement.

34. In acting as alleged in this complaint, defendants violated plaintiff's right to be free of cruel and unusual punishment, guaranteed by U.S. Constitution.

35. As a direct and proximate result of defendants actions as alleged in this complaint, plaintiff has suffered injury, pain, and emotional distress.

36. In acting as is alleged in this complaint, defendants acted knowingly, willfully, and maliciously, and with reckless and callous disregard for plaintiff's rights.

37. In acting as is alleged in this complaint, defendants, and each of them, acted in with a willful and conscious disregard of the rights and safety of plaintiff, so as to constitute malice or oppression, entitling plaintiff to an award of exemplary damages in an amount appropriate to punish and to set example of defendants.

38. ## THird Cause of Action

Willful Inhumanity or Oppression Toward PRISONER

### (As to All defendants)

Plaintiff Incorporates by reference the allegations contained in paragraphs 1 through 37 of this complaint as if fully set forth herein.

39. In acting as alleged In this complaint, defendants, and each of them, acted In a willfully Inhumane or oppressive manner toward Plaintiff.

40. As a direct and proximate result of defendants actions as described In this complaint, plaintiff has suffered Injury, pain, and emotional distress.

41. In acting as Is alleged In this complaint, defendants, and each of them, acted In with a willful and conscious disregard of the rights and safety of plaintiff, so as to Constitute malice or oppression, entitling plaintiff to an award of exemplary damages In an amount appropriate to punish and to set example of defendants

42.

# FOURTH CAUSE OF ACTION

## UNAUTHORIZED PUNISHMENT OF PRISONER

### (AS TO All Defendants)

plaintiff Incorporates by reference the allegations contained In paragraphs 1 through 41 of this complaint as If fully set forth herein.

43. In acting as alleged In this Complaint, defendants, and each of them, Imposed a punishment upon plaintiff which was not authorized by the Warden of the prison of the Director of Corrections.

44. As a direct and proximate result of defendants actions as described In this complaint, plaintiff has suffered Injury, pain, and emotional distress as described In this complaint.

45. In acting as is alleged In this complaint, defendants, and each of them, acted In with a willful and conscious disregard of the rights and safety of plaintiff, so as to constitute malice or oppression, entitling plaintiff to an award of exemplary damages In an amount appropriate to punish and set example of defendants

3E

## Fifth Cause of Action

## PROHIBITED Punishment of PRISONER AND/OR Lack of CARE TOWARD PRISONER

### (As To All Defendants)

46) Plaintiff Incorporates by reference the allegations contained In paragraphs 1 through 45 of this complaint as Is fully set forth herein.

47) In acting as alleged In this complaint, defendants, and each of them, Imposed prohibited punishment upon plaintiff, or aided, abetted or contributed to the prohibited punishment imposed upon plaintiff.

48) In acting as alleged In this complaint, defendants displayed a lack of care toward plaintiff, or aided, abetted or contributed to the lack of care displayed towards plaintiff.

49) As a direct and proximate result of defendants actions as described In this complaint, plaintiff has suffered Injury, pain, and emotional distress.

50) In acting as Is alleged In this complaint, defendants, and each of them, acted In with a willful and conscious disregard of the rights and safety of plaintiff, so as to constitute malice or oppression entitling plaintiff to an award of exemplary damages in an amount appropriate to punish and set example of defendants.

## SIXTH CAUSE OF Action

## Intentional Infliction Of Emotional Distress

### (As To All Defendants)

51) Plaintiff Incorporates by reference the allegations contained In paragraphs 1 through 50 of this complaint as Is fully

1   set forth herein.

2   (52) In doing the acts alleged herein, defendants, and each of them,
3   engaged in outrageous and/or extreme conduct directed
    at plaintiff.

4   (53) In doing the acts as alleged herein, defendants acted with
5   the intention of causing, or reckless disregard of the
6   probability of causing, emotional distress to plaintiff.

7   (54) Plaintiff suffered severe emotional distress that was
8   actually and proximately caused by the outrageous conduct
9   of defendants.

10              SEVENTH CAUSE OF ACTION (As To All Defendants)

11          Negligent INFLICTION OF EMOTIONAL DISTRESS

12  (55) Plaintiff Incorporates by reference the allegations
13  contained in paragraphs 1 through 54 of this complaint
14  as if fully set forth herein.

15  (56) Defendants had a legal duty to use due care with plaintiff

16
17  (57) In doing the acts alleged herein, defendants breached that
18  duty.

19  (58) Plaintiff suffered severe emotional distress that was
20  actually and proximately caused by defendant's breach
21  of duty.

22
23              EIGHTH CAUSE OF ACTION

24          Negligent Training or SUPERVISION

25  (As To Defendants CDCR, Director, CDCR and Mike Evans)
26
27  (59) Plaintiff Incorporates by reference the allegations contained
28  in paragraphs 1 through 58 of this complaint as full set
    forth herein.

                              3D

C. Cause of Action

60 Plaintiff Is Informed and believes and thereon alleges that, In doing the acts as heretofore alleged, Defendants CDCR, DiRector CDCR, and Mike Evans, Knew, or In the exercise of reasonable dilligence should have Known, that defendant correctional employees at SVSP were neither qualified nor able to properly provide custodial Supervision and protection to the Inmates therein as evident by the treatment of plaintiff described In this Complaint and that an undue risk to persons such as Plaintiff would exist because of this lack of ability unless Defendants CDCR, Director CDCR, and Mike Evans adequately trained and supervised the named defendants In the exercise of the tasks of their employment.

61 Plaintiff Is Informed and believes that defendants received a minimal amount of training at the employers training academy which did not Include Instruction relating to the proper housing of Inmates or their most basic civil & human rights, Including those of the plaintiff.

62 Defendants CDCR, DiRector CDCR, and mike Evans Knew or Should have Known that lack of training or supervision my result In Inmates, Including plaintiff, being treated In the manner described herein.

63 Notwithstanding the Knowledge that the defendants at SVSP were neither qualified nor able to provide proper Custodial Supervision and protection to Inmates Defendants CDCR, DiRector CDCR, And Mike Evans did not adequately train or supervise the defendants at SVSP In the Performance of their duties.

64) THe failure of Defendants CDCR, DIRECTOR CDCR, and Mike Evans to adequately train and supervise defendant Correctional employees was the proximate Cause of plaintiff's Injury "but for" this failure to properly train or supervise the Injuries to plaintiff described herein would not have Occurred. Had Defendants CDCR, DIRECTOR CDCR, and mike Evans properly trained or supervised the defendants In the proper performance of their duties the Injury to plaintiff would not have Occurred.

65) Despite this advance Knowledge, Defendants CDCR, DIRECTOR CDCR, and mike Evans allowed defendants at SVSP to perform Custodial supervision and protection to Inmates In conscious disregard of the rights and safety of others. As a result of this conscious disregard of the rights of plaintiff, an award of punitive damages against Defendants CDCR, DIRECTOR CDCR, and mike Evans Is warranted.

### NINTH CAUSE OF Action
### Respondeat SuperIOR
(AS TO Defendant CDCR)

66) plaintiff Incorporates by reference the allegations Contained In paragraphs 1 through 65 of this complaint as If fully set forth herein.

67) At all times herein mentioned, defendants were the

3 F.

1  and employees of COCR, and In doing the acts herein
2  described and referred to, were acting in the course
3  and within the scope of their authority as agents and
4  employees, and In the transaction of the business of the
5  employment or agency. Defendant COCR is, therefore,
6  liable to the plaintiff for the acts of defendants as
7  alleged herein

8

9              STATEMENT OF CAUSATION

10  (68)

11    Plaintiff Incorporates by reference the allegations contained
12  In paragraphs 1 through 67 of this complaint as if fully
    Set forth herein.

13  (69)  As a proximate result of the acts of defendants alleged
14  In the first through ninth causes of action, plaintiff was
15  hurt and Injured in his health, strength, and activity,
16  sustaining Injury to his nervous system and person, all
17  of which have caused and continue to cause plaintiff
18  great mental, physical and nervous pain and suffering.
19  Plaintiff Is Informed and believes and thereon alleges
20  that these Injuries will result In some permanent disability
    to him.
21    As a result of these Injuries, plaintiff has suffered general
22  damages.
23  (70) As a further proximate result of the acts of defendants,
24  plaintiff has Incurred, and will continue to Incur, medical
25  and related expense. The full amount of these expenses Is
26  not known to plaintiff at the time.
27  (71) The afore mentioned Conduct of defendants was willful &
28  Malicious and was Intended to oppress and cause Injury to

4

Plaintiff. Plaintiff is therefore entitled to an award of Punitive or exemplary damages.

WHEREFORE, plaintiff prays judgment on all causes or actions against defendants as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof;

3. For punitive or exemplary damages;

4. For interest as allowed by law;

5. For costs of suit herein incurred and any attorney fees, and

6. For such other and further relief as the Court my deem proper.

Dated: Aug 13, 2007

Kevin Burton

KEVIN BURTON

4A

# ALLEGATIONS

Plaintiff Incorporates by reference the Allegations contained In Paragraphs 1 through 71 of this complaint as If fully set forth herein.

(72) On January 11, 2005, plaintiff was ordered placed In administrative segregation (ad-seg) at Salinas Valley State Prison (SVSP) after prison officials received Information (which later proved to be untrue) That Plaintiff planned to assault prison staff.

(73) Upon being taken to ad-seg on January 11, 2005, plaintiff was told he would be placed In a cell with another Inmate.

(74) Plaintiff refused to be celled with the Inmate chosen by prison officials.

(75) In response, Defendant % Carrasco placed plaintiff In holding cage (cage) In ad-seg area, while Defendants Sgt. BRUNCATO and % PEREZ were present.

(76) Plaintiff Immediately Informed Defendant %. CARRASCO, Defendant Sgt BRUNCATO and Defendant % PEREZ that he had a pre-existing back and leg conditions that would make the cage very uncomfortable. Although acknowledging plaintiff statements, none of these defendants took any action Known to plaintiff to confirm his pre-existing medical Issues or alleviate his potential suffering.

5

77) Plaintiff was told by Defendant C/O Perez, in the presence of C/O CARRASCO, that Plaintiff would stay in the cage until he accepted a cellmate.

78) Plaintiff spent the next eight day and seven nights in the cage.

79) Cages are used for temporary housing of a prisoner, usually no more than a hour or so in duration. Plaintiff expected that he would be treated in a similar manner.

80) Cages resemble see-through phone booths. They are open air with steel or similar metal honey comb type construction to allow constant supervision. They are approximately four feet by two feet and rise to about eight feet in height. There is no room to sit or lay down or move about in cage. There is no bathroom facility, or overhead light in cage.

81) Upon entry into cage plaintiff had on a pair of boxer shorts and a pair of socks.

82) plaintiff was never issued new or additional clothing throughout the ordeal.

83) Upon entry into cage plaintiff could both smell and see a milk carton with urine in it on the floor, and dried feces on the floor and cage sides.

84) Plaintiff informed Defendants C/O CARRASCO, C/O PEREZ, and SGT. BRUNCATO of the urine and feces, as they were all present as plaintiff was placed in the cage and could see and smell the human waste for themselves.

5A

(85) After multiple requests by plaintiff, Defendant C/O CARRASCO ordered plaintiff to step out of the cage; placed a latex glove on her hand and then removed the urine filled milk carton from cage. No effort was ever made by any defendant to remove the dried feces from the cage or to otherwise clean it in any way. Plaintiff was then ordered to step back into the cage by Defendant C/O CARRASCO.

(86) Plaintiff objected to getting back in the cage with the dried feces still in and around the cage. Defendant ordered plaintiff back into the cage or physical force would be used to place him back into the cage. Plaintiff complied.

(87) Shortly after being placed in the cage plaintiff tried to reason with Defendant SGT. BRUNCATO. Plaintiff complained that he was being placed in a cage that conditions were inhumane, and that defendant Gladden's demeanor to plaintiff about accepting a cell mate or staying in the cage was inappropriate. SGT. BRUNCATO responded by telling plaintiff that he would remain in the cage "until we decide to let you out" and to "spell my name right" on any complaint plaintiff filed.

(88) Shortly after being placed in the cage a woman identifying herself as a psychiatric Department Employee spoke to plaintiff. Plaintiff told this woman that the condition were terrible and unhealthy and he should not be made to stay in the cage. Plaintiff showed this woman the feces in and around the cage. Plaintiff also told this woman that given his current state of mind and stress, he could not be with a cellmate and in particular not one he did not know. Plaintiff informed

58

this woman he needed her help to get out of the inhumane conditions prison guards were placing him in. She left without any help being rendered.

(89) On the late evening of January 11, 2005, or the early morning of January 12, 2005, plaintiff was provided a bed sheet by Defendant C/O LIMA on first watch after he requested something for the cold.

(90) On many occasions each day plaintiff would speak to prison staff walking by the cage and ask for help. Indifference was the only response. In total plaintiff sought help and/or complained to nearly thirty different prison staff over his eight day and seven night ordeal in the cage without any actual effort ever seen by any of them to alleviate his suffering (save Defendant C/O LIMA providing a bed sheet).

(91) Plaintiff specifically notified Defendants Lt. KRENKE, Sergeant RAMIREZ, Sergeant BRUNCATO, Sergeant O'KEENO, C/O CARRASCO, C/O SILVA, C/O CONTRERAS, C/O Philmon, C/O WILSON, C/O HORRENCE, C/O PEREZ, C/O GRAYWALD, and C/O GoodHume of the inhumane conditions and of his pain and suffering numerous times during the ordeal in the cage and none responded with any aid whatsoever.

(92) On or about the second day of plaintiff cage confinement Defendant MTA CAUNTAY made rounds and plaintiff complained of a swollen leg and severe back and leg problems, and also detailed the overall inhumane conditions which included showing her the dried feces in and around the cage. Plaintiff was asked to fill out a sick call slip (used to request to see doctor) by Defendant MTA CAUNTAY, who then helped plaintiff

5C

fill out the slip as she realized plaintiff was not able to do so on his own. Plaintiff told defendant MTA CAUNTAY of his pre-existing medical problems with his leg and back which the prison was unable to that point to treat effectively. Defendant MTA CAUNTAY left with the sick call slip she filled out for plaintiff but without any promise of help.

(93) On or about the third day of plaintiff's cage confinement Defendant MTA Garcia made rounds and plaintiff complained of a swollen leg and severe back and leg problems, as well as about the inhumane conditions he was living in. Plaintiff asked Defendant MTA Garcia about the status of his previously submitted sick call slip and asked when the doctor would be there to see him. Defendant MTA GARCIA told plaintiff she would look into plaintiff complaints. Plaintiff was asked to fill out a sick call slip by Defendant MTA GARCIA, who then helped plaintiff fill out the slip as she realized plaintiff was not able to do so on his own. Defendant MTA Garcia left with the sick call slip she filled out for plaintiff but without any promise of help.

(94) At some point during plaintiff ordeal Defendant MTA Ziegler was observed by plaintiff in the unit and plaintiff complained about his conditions of confinement and health and asked about when the doctor would be there to see him, noting he had submitted two requests to see the doctor to other MTAs. Defendant MTA Ziegler told Plaintiff "there is nothing I can do" and walked away.

(95) On many occasions during plaintiff cage confinement

Defendant. MTA Moss made rounds. Plaintiff complained to Defendant MTA Moss on numerous occasions about both his health and the Inhumane conditions and was never given any help.

96) Plaintiff was normally escorted to the bathroom by a C/o once or twice each day, and spent much of his time in the cage having to fight off bowel movements for fear of having to defecate or urinate In the cage. Usually plaintiff was made to wait for more than an hour after a request to use the bathroom was made and plaintiff was then pressured to hurry up by the escorting officer(s) when he was taken to the bathroom.

97) Plaintiff never received a shower or any opportunity to clean himself save on one occasion when a C/O allowed him a few extra moments to clean up In the sink at the bathroom plaintiff had been escorted to (without towels or other hygiene materials). This "clean up" lasted about 30 to 60 seconds and constituted the only time during the cage ordeal plaintiff was allowed to wash himself.

98) Plaintiff never received any physical exercise during the cage ordeal.

99) During the cage ordeal plaintiff was taunted by defendant C/O PEREZ, who would ask plaintiff "how do you like It In there" and would ask "are you comfortable" while smiling and/or laughing. on one occasion Defendant C/O PEREZ ran his baton across the cage screen to make excessive noise and wake plaintiff up after he

1  had managed to fall asleep.

2  (100) During the cage ordeal, plaintiff suffered excruciating
3  pain and multiple cramps in his legs and back. There
4  was no ability for plaintiff to strech or otherwise
5  attempt to alleviate the cramps or pain. By the end
6  of the cage ordeal plaintiff was unable to sleep
7  as his physical pain and cramping prevented him
   from doing so.

8
9  (101) During the cage ordeal, particularly near its end,
10 Plaintiff began to hallucinate and call out to his
11 family    members or friends he would see in those
   hallucinations.

12
13 (102) Plaintiff was released from the cage on January 18,
14 2005.

15 (103) Plaintiff was not seen by a doctor until
16 approximately January 25, 2005. (two weeks
17 after plaintiff first notified medical staff of his
18 problems, and a week after plaintiff was released from
19 the cage).

20 (104) Upon seeing a doctor, plaintiff was immediately
21 placed on medications to alleviate pain and swelling
22 caused by his ordeal in the cage.

23 (105) Plaintiff requested counseling from psychiatric
24 staff after his ordeal, and is currently under
25 psychiatric care.

26
27 (106) Plaintiff filed a claim with the witness Compensation
28 and Government Claims Board. THE claim was
   denied Aug 18, 2005

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:    [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

## D.  Previous Lawsuits and Administrative Relief

1.  Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: KEVIN BUITON

Defendants: Please See Attached (6A Defendants)

(b) Name of the court and docket number: Superior Court of THe State Of California In AND for THe County of Monterey. Case No. M32021

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] Case was dismissed on THe Statute of limitations.

(d) Issues raised:

Violation of Constitutional and Statutory rights.

(e) Approximate date case was filed: Dec 08, 2006

(f) Approximate date of disposition: June 15, 2001

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

Inmate Appeal Form 602 Local Log NO.. SVSP-05-00587
                        I.AB CASE NO.. 0507338

Department of Corrections and rehabilitation
          Inmate Appeals Branch
          DiRECTOR's Level Review)

             P.O. Box 942 883
             Sacramento, CA  94283-0001

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **MAR 2 7 2006**

In re:    Burton, C-38062
California Substance Abuse Treatment Facility and
   State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

IAB Case No.: 0507338         Local Log No.: SVSP 05-00587

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he was placed in a four by two foot holding cell that was dirty, it had feces and urine spread about, and he was left in the cell for seven days without a place to sleep, without a mattress or bed linens or bathroom facilities. He contends that he informed staff of his pain and suffering and he was not provided medical assistance until several days later. He states that when he was finally seen by the medical staff he was prescribed three pain medications. He states that he was a victim of cruel and unusual punishment. He requests that all responsible parties be made to answer on both the civil rights and criminal violations, that he be interviewed by upper administrators and that no reprisals be taken against him for filing this appeal.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the allegations of misconduct have been referred for investigation by the Investigative Services Unit (ISU). The appellant was to be advised of the ISU findings upon completion of the investigation. He was advised that inmates could not dictate staff disciplinary action and in the event that employee misconduct was detected, the appropriate corrective action or adverse action would be initiated by the administration. However, any personnel action taken would be confidential and would not be disclosed to the public, other employees or to inmates. The appeal was granted in part by the Second Level of Review.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and the matter has been referred to the institution's ISU for further review.

In the event that staff misconduct is substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant will be notified by the respective investigative body that an inquiry has been completed and whether the complaint was unsubstantiated or substantiated.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

The appellant can submit a written request to the ISU if wishes to be informed of the current status of his complaint. At the DLR the appellant has not provided any information that reprisals were taken against him for filing this appeal.

. BURTON, C-38062
CASE NO. 0507338
PAGE 2

On March 16, 2006, the appeals examiner contacted the Salinas Valley State Prison (SVSP) Appeals Coordinator Correctional Counselor II (CC-II) P. Variz, regarding the status of the appellant's staff complaint. CC-II Variz stated that the complaint was accepted for investigation by the Office of Internal Affairs as a Category II with Log #N-2-SVSP-05805. The investigation was given a completion date of July 7, 2005.   CC-II Variz was informed by the SVSP ISU that the investigation was still pending/ongoing and there was no approximate date of completion provided to the CC-II.

**B.  BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3268, 3270, 3391

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SATF
        Appeals Coordinator, SATF
        Appeals Coordinator, SVSP

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE BURTON, C38062            Date: February 7, 2005
Current Housing: D8-217

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: SVSP-D-05-00587

ASSIGNED STAFF REVIEWER: ISU
DUE DATE: 03/21/2005            APPEAL ISSUE: STAFF COMPLAINTS

Inmate BURTON, this acts as a notice to you that your appeal has been sent to the above
staff for FIRST level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.

DELIVERED FEB 1 1 2005

S. GOMEZ/T. A. VARIZ
CCII/APPEALS COORDINATOR
SALINAS VALLEY STATE PRISON

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

2VSPd    1. 05-00587    7

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Burton, Kevin | C-38062 | | D8-219 |

A. Describe Problem: On Jan 11, 2005. I was Placed In Holding cage on fac. D- Building 8 (A-section) That was Appx 4 by 2 feet In area, By C/o CARASCo. Once In Holding Cage I noticed a milk CARTON filled with Urin, there was also Urin on the floor & drying feces on the wall and floor. I notified C/o CARASCo, as well as the Building SARgent BARATO? (Who was present) of this Inhuman And potentially Health threatening Condition And was Ignored. There was no Bathroom facilities runing water or a place To

If you need more space, attach one additional sheet.

B. Action Requested: That the Responsible parties named unnamed be made To answer on Both civil rights violations, as well as criminal misconduct, and there own Rules & Regulations, C.C.R title 15, sections 3343(B) 3391 conduct And cruel & unusual Punishment. And I be Interviewed by upper Administration,

Inmate/Parolee Signature: Kevin Burton    Date Submitted: 2-3-05 Continue

RECD FEB 4  2005

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

**Note:** Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

DEPARTMENT OF CORRECTIONS

Inmate Appeals          BURTON KEVIN C-38062
   Additional.                                    D8-217
                                                  Ad/seg

A.   Describe problem continued:

sleep.   I was Left in this holding Cage for seven(7)
full days And nights, With no MATTRess oR Clothing other
then one(1) pAir of Boxers shorts And one(1) PAir of socks.
And did not receive Any LiNeN, until C/O LimA 1st WATch
Issued me one(1) sheet, (on 1-12-05.) I also notifieD
The "M.T.A" That these conditions existeD And of the
sever BAck and neck pAin it WAS CAusing me. But WAS
not seen until 1-26-05 15 dAys later. At which time
I WAS prescribed four(4) different medicAtions, three(3) for
BAck pAin & (1) for pAin In Right Leg pAin, To help AllevinTe
swelling. The Treatment And Conditions I had To endure
WAS both CRuel And unusual, Which Is Defined I PART:
"An oCT over A period of time, were an InmAte Is mAde,
To endure Torture; or IntentionAlly mAde To under-go
greAT PAin or suffering. The Officer(s) named unnamed
are In violAtion of the Above mentioned ACT(s) AS Well AS
my Civil Rights And or CriminAl misconducT and
there own C.C.R title 15, SecTion 3343. (B) AS Well AS
SecTion 3391 ConducT.      Kevin Burton      2-3-05


B. Action Requested continued:
   I Also Invoke title 15 (C.C.R) that NO
   ReprisAls Be tAken for experessing my right
   To AppeAl. please see C.C.R title 15. Sec 3084. (D)
                                  Kevin Burton 2-3-05

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| KEVIN BURTON | Kevin Burton | 4-8-05 | |
| **INMATE/PAROLEE PRINTED NAME** | **INMATE/PAROLEE'S SIGNATURE** | **CDC NUMBER** | **DATE SIGNED** |
| KEVIN BURTON | Kevin Burton | C-38062 | 4-8-05 |
| **RECEIVING STAFF'S PRINTED NAME** | **RECEIVING STAFF'S SIGNATURE** | **DATE SIGNED** | |
| Paul A. Edwards | Paul A. Edwards | 4-8-05 | |

DISTRIBUTION:      N-11-SVSP- 058-05-A
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BURTON | C-38062 |

## REASON(S) FOR PLACEMENT *(PART A)*

[ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[X] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

Inmate Burton (C-38062), on 04-09-05, you are being retained on Administrative Segregation Status and transferred to the Correctional Training Facility (CTF) to protect the integrity of an ongoing investigation. You will remain in ASU pending completion of the investigation, possible disciplinary process and appearance before ICC for future program and housing needs. Your continued confinement in ASU is ordered by Correctional Lieutenant C. Blackstone.

Inmate Burton **IS NOT** a participant in the Mental Health Services Delivery System.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / |
|---|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 04-09-05 | C. BLACKSTONE | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 4/08/2005 | 1815 | E. ESPARZA | | |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |
|---|---|---|---|

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | | |
|---|---|---|---|---|
| LITERATE? | [ ] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | |

| Any "NO" requires SA assignment | Any "NO" may require IE assignment |
|---|---|
| [ ] NOT ASSIGNED | [ ] NOT ASSIGNED |

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See Chronological Classification Review document (CDC 128-G) for specific hearing information**

ATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**                     Location: Institution/Parole Region    Log No.              Category
**APPEAL FORM**
CDC 602 (12/87)                        1. _____    1. _____    _____

                                       2. _____    2. _____

You may appeal any policy, action or decision, which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Burton, Kevin | C-38062 | MKTFD. 004 | D3-222 |

A. Describe Problem: On 4-8-05 Appeal Log # SVSP-D-05-00587, was heard by Lt. middleBrook (SVSP ISU), Paul Edwards, Internal affairs (Sacramento) and abel Ramirez, (Office of Inspector general) while at SVSP. I have been unable to locate appeal since Interview, after several attempts which Include, writing to SVSP Appeal Coordinator S. Gomez, and T.A. Variz, on 4-20-05. In which I'm yet to receive any response, I have Attempted To Contact the Internal affairs special agent (sacramento) Paul Edwards, who Conducted Investigation. (Appeal 1st level response)

If you need more space, attach one additional sheet.

B. Action Requested: That appeal log # S.V.S.P.-D-05-00587, be returned, A response, That I can Proceed To 2nd level of appeal, and or Exhaust my administrative remedies. In accord with C.C.R. title 15, Section 3084.6. Appeal Time Limits In Part: If an exceptional delay, appellant shall be Informed In writing for the

Inmate/Parolee Signature: Kevin Burton                         Date Submitted: 6-9-2005

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/ Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

Burton, Kevin    # C-38062

D3-222

Describe Problem, Continued:

Without any response. Can you please track appeal mentioned, so I can proceed to next level, and or exhaust my administrative remedies.

Action Requested, Continued:

Delay and the estimated completion date.

Kevin Burton                                    6-9-05

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

September 28, 2005

Burton, CDC #C-38062
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

Re: Institution Appeal Log #SVSP-D-05-00587 Staff Complaint

Dear Mr. Burton:

The Inmate Appeals Branch has received your correspondence regarding the above
matter. It has been forwarded to the Appeals Coordinator at your location for
further review. They will contact you directly in order to further resolve your
appeal issues.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

September 28, 2005

REC'D OCT 06 2005

Appeals Coordinator
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

RE: BURTON, CDC #C-38062 Institution Appeal Log #SVSP-D-05-00587 Staff
Complaint

To the Appeals Coordinator:

This appeal appears not to have been processed within the regulatory time
constraints. Please ensure that the inmate is informed as to the reason for delay in
processing..

Please respond directly to the appellant. No response to this office is necessary.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

D8-217L

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 38062_   INMATE NAME: _BURTON_

1) **Use of Confidential Information.**

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _1/10/05_

2) **Reliability of Source.**

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

   _____

3) **Disclosure of information received.**

   The information received indicated the following: _THAT YOU INMATE BURTON ARE_
   _CONTEMPLATING TO PHYSICALLY ASSAULT c/o J. HALL & Sgt._
   _T. Perez_

   _____

   _____

   _____

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _CONFIDENTIAL MEMORANDUM DATED 1/10/05, LOCATED IN_
   _CONFIDENTIAL SECTION OF CENTRAL FILE_

   c/o _____                    1 15 05
   STAFF SIGNATURE, TITLE                            DATE DISCLOSED

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE          CANARY - WARDEN
BLUE - INMATE (2ND COPY)      PINK - HEALTH CARE MGR
GREEN - ASU                   GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | BURTON | CDC NUMBER | C-38062 |
|---|---|---|---|

## REASON(S) FOR PLACEMENT (PART A)

[ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: Inmate BURTON, C-38062, on 01-10-05, you are being placed in Administrative Segregation. On 01-08-05, Facility A staff received confidential information (see CDC-1030), that you are contemplating to physically assault Correctional Officer J. Hall, and Sgt. J. Perez. In view of this alleged threat, your continued presence on Facility A is deemed a threat to the safety and security of the institution. You will remain on Ad-Seg. status pending an investigation into this alleged threat (to be conducted by Sgt. M. Gomez, and completed by 02-09-05), possible adjudication of the disciplinary process, and ICC review for future programming and housing needs. This placement is ordered by Lt. D. Wikoff, and it may affect your custody level, credit earning, privilege group and visiting status. This placement was delayed due to bed unavailability in Ad-Seg. on 01-08-05. You are not a participant in the Mental Health Services Delivery System at any level of care.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) [X] IF CONFIDENTIAL INFORMATION USED/DATE OF DISCLOSURE: 01 08 05

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 01-10-05 | D. Wikoff | D. Wikoff | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 1/10/05 | 1945 | M. Milok | M. M | C/O |

[X] INMATE REFUSED TO SIGN     INMATE SIGNATURE     CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME N/A | TITLE | INVESTIGATIVE EMPLOYEE'S NAME N/A | TITLE |

### IS THIS INMATE:

| | | | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
|---|---|---|---|---|---|
| LITERATE? | [X] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | [ ] NO | | | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

Any "NO" requires SA assignment          Any "NO" may require IE assignment
[X] NOT ASSIGNED          [X] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE     INMATE SIGNATURE Refused to Sign     DATE 1-12-05

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

DECISION: [ ] RELEASE TO UNIT/FACILITY_____ [X] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: Endangers institution security

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| Brenk | Capt (A) | 1-12-05 | 2050 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

# SUPPLEMENT PAGE

*WAS ISSUED on 12-29-05 Institutional mail, TO this Inmate, BURTON #C-38062 CSATF-SP D3-222 By C/o Ryell witnessed by Inmate CARTER # D-17070 CSATF-SP D3-222 L Carter*

**RE:**   Salinas Valley State Prison
Second Level Reviewer's Response
Appeal Log # **SVSP-D-05-05-587**

Date:   Thursday, October 13, 2005

Inmate: BURTON C38062

**APPEAL ISSUE:**   STAFF COMPLAINT

**APPEAL DECISION:   PARTIALLY GRANTED**

**APPEAL REPONSE:**   You have filed a Staff Complaint against C/O J. Hernandez alleging staff misconduct. The Informal Level Response and the First Level Response have been waived in accordance with the Departmental Operations Manual (DOM) Section 31140 and Administrative Bulletin # 98/10.

Your allegation of misconduct has been referred for investigation. Your appeal is currently being reviewed by ISU; you will be advise of the findings of the investigation upon completion.

However, be advised, inmates do not dictate staff disciplinary action. In the event that employee misconduct is detected, appropriate corrective or adverse action will be initiated or recommended by administration. However, any personnel action taken shall remain confidential and will not be disclosed to inmates, other employees, or the general public.

For the reasons cited, your action requested is being **PARTIALLY GRANTED** at the Second Level of Review.

L.E. SCRIBNER
Chief Deputy Warden
Salinas Valley State Prison

STA) CALIFORNIA                                    Exhibit to Appeal           DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location. Institution/Parole Region _____  Log No. _____  Category __7__

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME BURTON Kevin     NUMBER C-38062     ASSIGNMENT     UNIT/ROOM NUMBER D8-217

A. Describe Problem: ON JAN 11 2005 I was Placed In Holding Cage on fac D. Building 8 (A-Section) That was Appx 4 by 2 feet In area By C/o CARASCO. once In Holding Cage I noticed a milk Carton filled with Urin, there was also Urin on the floor & drying feces on the wall and floor I notified C/o CARASCO as well as the Building Sargent BARCATO? (who was present) of this Inhuman And potentially Health threatening Condition And was Ignored. There was no Bathroom facilities runing water or a place To

If you need more space, attach one additional sheet.

B. Action Requested: That the Responsible parties named unnamed be made To answer on Both civil rights Violations as well as criminal misconduct and there own Rules & Regulations C.C.R title 15 sections 3343(B) 3391 Conduct And cruel & unusual Punishment. And I be Interviewed by upper Administration.

Inmate/Parolee Signature: Kevin Burton          Date Submitted: 2-3-05 Continue

C. INFORMAL LEVEL (Date Received: _____ FEB 4 2005)

Staff Response: _____

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim          CDC Appeal Number:

A. Describe problem continued:

sleep.   I was left in this holding cage for seven (7) full days and nights, with no MATTRESS or clothing other then one(1) pair of Boxers shorts and one(1) pair of socks. And did not receive any LINEN, until C/O Lima 1st Watch I issued me one(1) Sheet. (on 1-12-05.) I also notified the M.T.A.s that these conditions existed And of the sever Back and neck pain it was causing me. But was not seen until 1-26-05 15 days later At which time I was prescribed four(4) different medications, three(3) for Back pain & (1) for pain in Right leg, to help Alleviate swelling. The treatment And condition I had to endure was Both cruel And unusual, which is defined inpart: An act over a period of time were an inmate is made to endure Torture or intentionally made to under-go great pain or suffering. The officer(s) named unnamed are in violation of the above mentioned Act(s) As well As my civil Rights And or criminal misconduct and there own C.C.R. title 15. Section 3343 (B) As well As Section 3391 Conduct.          Kevin Burton      2-3-05

B. Action Requested continued:
I Also invoke title 15 (C.C.R) that No Reprisals Be taken for experessing my Right To Appeal. please see C.C.R title 15 Sec 3084.(0)
                                        Kevin Burton   2-3-05

D. Previous Lawsuits and Administrative Relief

(a) Defendants:

CALIFORNIA Department of Corrections & Rehabilitation
(CDCR) Director, CDCR, MIKE Evans, Warden, Salinas
Valley State Prison, Lt. KRENKE, Sergeant PIAMIKE 2,
Sergeant BRUNCATO, Sergeant O'KEENE, C/O CARRASCO,
C/O SILVA, C/O CONTRERAS, C/O PHILMON, C/O Wilson,
C/O HORRENCE, C/O PEREZ, C/O GrayWald, C/O GOODHume,
MTA CAUNTAY, MTA GARCIA, MTA ZIEGLER, MTA
MOSS, ~ Does 1-50
                              Defendants.

6A

## E.  Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s):

2. Damages in the sum of $   4, 000.000   .

3. Punitive damages in the sum of $   4, 000 000   .

4. Other: FOr Interest as allowed by law, for Cost of suit
herein Incurred and any attorney fees, and for
such other and further relief as the court my deem proper.

## F.  Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)

## G.  Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

Aug 14, 2007
Date

Kevin Burton
Signature of Plaintiff

# VERIFICATION

I, KEVIN BURTON declare as follows:

1. I am a plaintiff In the above-entitled action.

2. I have read the foregoing Complaint and Know the contents thereof. THE SAME Is True of my Knoledge, except as to those matters Which are therein alleged In Information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing Is true and correct and that this declaration was executed on the 13 day Of August , 2007, at San Diego, San Diego County, California.

Kevin Burton
KEVIN BURTON

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Kevin Burton

**DEFENDANTS**

California Department of Corrections Rehabilitation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Kevin Burton
1173 Front Street
San Diego, CA 92101
C-38062

**ATTORNEYS (IF KNOWN)**

'07CV 1870 W     RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce ICC Rates/etc. |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appelate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $ 8,000,000.    Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    9/24/2007

SIGNATURE OF ATTORNEY OF RECORD

L. Hammer